IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY KAYE

    HC 2 Box 6916
    Keaau, HI 96749-9336

                Plaintiff,

                                    Case No.:

v.

THE UNITED STATES CENTRAL INTELLIGENCE
AGENCY

    Central Intelligence Agency
    Washington, D.C. 20505

                Defendant.


**COMPLAINT FOR INJUNCTIVE RELIEF**


      1.  Plaintiff, Dr. Jeffrey Kaye, brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, demanding production of documents responsive to plaintiff's 23 May 2017 FOIA request related to visits by staff members of the Senate Select Committee on Intelligence ("SSCI") to CIA-run or administered prisons or detainee detention sites from the period of 12 September 2001 through 15 September 2006, which Defendant, Central Intelligence Agency, has improperly withheld from plaintiff.

      2.  This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

      3.  Because part or all of the responsive records are located in this District, venue lies in this District under 28 U.S.C. § 1391(e) and 5 U.S.C. §552(a)(4)(B).

      4.  Plaintiff, Mr. Jeffrey Kaye, is the requester of the records, and frequently publishes on the subject matter of the records.

      5.  Defendant, Central Intelligence Agency, is an agency as prescribed in 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f) and has possession of the documents that Dr. Kaye seeks.

      6.  6.  On January 4, 2015, Dr. Kaye requested from the CIA:

> All CIA documents pertaining to visits by staff or members of the Senate Select Committee on Intelligence (SSCI) to CIA-run or administered prisons or detainee detention sites from the period September 12, 2001 through September 15, 2006. In particular, [he sought] all documents related to such a visit in "late 2003" by SSCI staff or members that has already been declassified and made public by the CIA in December 2014.

Attachment 1.

7. CIA acknowledged receipt of Dr. Kaye's request in a letter dated January 7, 2015. Attachment 2.

8. Despite a proper request, CIA failed to provide a response within the statutorily mandated time frame of 20 working days on multiple occasions. On June 3, 2015, Dr. Kaye requested an update to his FOIA request. On June 16, 2015, CIA provided an estimated response date of September 5, 2015. Attachment 3. On October 16, 2015, Dr. Kaye again requested an update to his FOIA request; CIA provided a new estimated response date of April 5, 2016. Attachment 4. On May 9, 2016, Dr. Kaye requested another update to his FOIA request; CIA responded with a new estimated response date of March 13, 2017. Attachment 5. CIA did not produce the requested records in March 2017 or at any time afterward.

9. On March 17, 2020, CIA denied Dr. Kaye's request in its entirety based on FOIA exemptions (b)(1) and (b)(3), and authorized an appeal within 90 days. Attachment 6.

10. On May 19, 2020, Dr. Kaye, by counsel, appealed the CIA denial. Dr. Kaye pointed to previous CIA disclosures on the same topic, establishing both an official acknowledgement and the existence of a reasonably segregable portion of a record. Attachment 7. CIA has not responded to the appeal.

11. Dr. Kaye has a right of access to the requested information under 5 U.S.C. § 552(a)(3) and there is no legal basis for CIA's failure to turn over all of the requested documentation that properly does not fall under a FOIA exemption.

WHEREFORE, Dr. Kaye respectfully requests that this Court:

(1) Order CIA to produce all documents that are responsive to Dr. Kaye's FOIA request;

(2) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(3) Award Dr. Kaye reasonable attorney fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) grant Dr. Kaye such other relief as the Court deems appropriate.

                                           Respectfully submitted,

                                           James G. Connell, III
                                           Attorney for Plaintiff Dr. Jeffrey Kaye

Dated: March 11, 2021

**Attachments**

1. January 4, 2015 Dr. Kaye's initial FOIA request
2. January 7, 2015 CIA acknowledgement of receipt of FOIA request
3. June 16, 2015 CIA response to request for update
4. November 18, 2015 CIA response to request for update
5. May 13, 2016 CIA response to request for update
6. March 17, 2020 CIA denial of FOIA request
7. May 19, 2020 Dr. Kaye's administrative appeal

# Attachment 1

 

Sign Up     Log In

# Request all CIA documents on SSCI visits to CIA black site prisons

Share

Jeffrey Kaye filed this request with the Central Intelligence Agency of the United States of America.

| Tracking # | F-2015-00731 |
|---|---|

| Submitted | Jan. 4, 2015 |
|---|---|

**STATUS**

Rejected

MuckRock users can file, duplicate, track, and share public records requests like this one. Learn more.

**File a Request**

**33 Communications**     **6 Files**

Filter communications                                    Collapse All

From: Jeffrey Kaye                                        01/04/2015
Subject: None                                                  Fax

To Whom It May Concern:

This is a request under the Freedom of Information Act. I hereby request the following records:

All CIA documents pertaining to visits by staff or members of the Senate Select Committee on Intelligence (SSCI) to CIA-run or administered prisons or detainee detention sites from the period September 12, 2001 through September 15, 2006. In particular, I seek all documents related to such a visit in "late 2003" by SSCI staff or members that has already been declassified and made public by the CIA in December 2014.

# Attachment 2



Central Intelligence Agency

Washington, D.C. 20505

7 January 2015

Mr. Jeffrey Kaye
MuckRock News
DEPT MR 15328
P.O. Box 55819
Boston, MA 02205-5819

Reference: F-2015-00731

Dear Mr. Kaye:

    On 5 January 2015, the office of the Information and Privacy Coordinator received your 4 January 2015 Freedom of Information Act (FOIA) request, submitted on behalf of MuckRock News. Specifically, [you] request the following records:

> All CIA documents pertaining to visits by staff or members of the Senate Select Committee on Intelligence (SSCI) to CIA-run or administered prisons or detainee detention sites from the period September 12, 2001 through September 15, 2006. In particular, [you] seek all documents related to such a visit in "late 2003" by SSCI staff or members that has already been declassified and made public by the CIA in December 2014.

    Our officers will review your request and will advise you should they encounter any problems or if they cannot begin the search without additional information. We have assigned your request the reference number above. Please use this number when corresponding so that we can identify it easily.

    You have requested expedited processing. We handle all requests in the order we receive them; that is, "first-in, first-out." We make exceptions to this rule only when a requester establishes a compelling need in accordance with the FOIA, 5 U.S.C. § 552, as amended. Your request does not demonstrate a "compelling need" and, therefore, we deny your request for expedited processing.

Sincerely,

John Giuffrida
Acting Information and Privacy Coordinator

# Attachment 3



Central Intelligence Agency

Washington, D.C. 20505

16 June 2015

Mr. Jeffrey Kaye
MuckRock News
DEPT MR 15328
P.O. Box 55819
Boston, MA 02205-5819

Reference: F-2015-00731

Dear Mr. Kates:

  This acknowledges receipt of your 3 June 2015 letter, received in the office of the Information and Privacy Coordinator on 4 June 2015, for an estimated completion date concerning your 4 January 2015 Freedom of Information Act request. Specifically [you] requested the following records:

> All CIA documents pertaining to visits by staff or members of the Senate Select Committee on Intelligence (SSCI) to CIA-run or administered prisons or detainee detention sites from the period September 12, 2001 through September 15, 2006. In particular, [you] seek all documents related to such a visit in "late 2003" by SSCI staff or members that has already been declassified and made public by the CIA in December 2014.

  Please be assured that your request is still in process. We can appreciate your concern with not having received a final response to your request. It is the overwhelming number of requests and their complexity that causes delays in our responses. We are making every effort to complete it as soon as possible. Per your request, we have checked on the status and have been provided an estimated completion date of 5 September 2015. Please note, this is only an estimated date and is subject to change. **In the future, we will not acknowledge or respond to any additional queries regarding the status of this request until after 5 September 2015.** Meanwhile, we appreciate your patience and understanding while we continue to process your request.

Sincerely,

Michael Lavergne
Information and Privacy Coordinator

# Attachment 4



Central Intelligence Agency

Washington, D.C. 20505

18 November 2015

Mr. Jeffrey Kaye
MuckRock News
DEPT MR 15328
P.O. Box 55819
Boston, MA 02205-5819

Reference: F-2015-00731

Dear Mr. Kaye:

This acknowledges receipt of your 16 October 2015 letter, received in the office of the Information and Privacy Coordinator on 16 October 2015, for an estimated completion date concerning your 4 January 2015 Freedom of Information Act request. Specifically [you] requested the following records:

> All CIA documents pertaining to visits by staff or members of the Senate Select Committee on Intelligence (SSCI) to CIA-run or administered prisons or detainee detention sites from the period September 12, 2001 through September 15, 2006. In particular, [you] seek all documents related to such visits in "late 2003" by SSCI staff or members that has already been declassified and made public by the CIA in December 2014.

Please be assured that your request is still in process, and we are making every effort to complete it as soon as possible. Our records show that we provided you with a previous estimated completion date of 5 September 2015 which expired. Therefore, we checked on the status and have been provided an updated estimated completion date of 5 April 2016. In the future, we will not acknowledge or respond to any additional queries regarding the status of this request until after 5 April 2016. Meanwhile, we appreciate your patience and understanding while we continue to process your request.

Sincerely,

Michael Lavergne
Information and Privacy Coordinator

# Attachment 5

Central Intelligence Agency



Washington, D.C. 20505

13 May 2016

Mr. Jeffrey Kaye
MuckRock News
DEPT MR 15328
P.O. Box 55819
Boston, MA 02205-5819

Reference: F-2015-00731

Dear Mr. Kaye:

    This acknowledges receipt of your 9 May 2016 letter, received in the office of the Information and Privacy Coordinator on 9 May 2016, for an estimated completion date concerning your 4 January 2015 Freedom of Information Act request. Specifically [you] requested the following records:

> **All CIA documents pertaining to visits by staff or members of the Senate Select Committee on Intelligence (SSCI) to CIA-run or administered prisons or detainee detention sites from the period September 12, 2001 through September 15, 2006. In particular, [you] seek all documents related to such visits in "late 2003" by SSCI staff or members that has already been declassified and made public by the CIA in December 2014.**

    Please be assured that your request is still in process, and we are making every effort to complete it as soon as possible. Our records show that we provided you with a previous estimated completion date of 5 April 2016 which expired. Therefore, we checked on the status and have been provided an updated estimated completion date of 13 March 2017. In the future, we will not acknowledge or respond to any additional queries regarding the status of this request until after 13 March 2017. Meanwhile, we appreciate your patience and understanding while we continue to process your request.

Sincerely,

*Michael Lavergne*

Michael Lavergne
Information and Privacy Coordinator

# Attachment 6



Central Intelligence Agency

Washington, D.C. 20505

17 March 2020

Mr. Jeffrey Kaye
MuckRock News
DEPT 15328
411A Highland Avenue
Somerville, MA 02144-2516

Reference: F-2015-00731

Dear Mr. Kaye:

This is a final response to your 4 January 2015 Freedom of Information Act (FOIA) request, submitted on behalf of MuckRock News. Specifically, [you] request the following records:

> **All CIA documents pertaining to visits by staff or members of the Senate Select Committee on Intelligence (SSCI) to CIA-run or administered prisons or detainee detention sites from the period September 12, 2001 through September 15, 2006. In particular, [you] seek all documents related to such a visit in "late 2003" by SSCI staff or members that has already been declassified and made public by the CIA in December 2014.**

We processed your request in accordance with the FOIA, 5 U.S.C. § 552, as amended, and the CIA Information Act, 50 U.S.C. § 3141, as amended.

We completed a thorough search for records responsive to your request and located material which we determined is currently and properly classified and must be denied in its entirety on the basis of FOIA exemptions (b)(1) and (b)(3). Exemption (b)(3) pertains to information exempt from disclosure by statute. The relevant statutes are Section 6 of the Central Intelligence Agency Act of 1949, as amended, and Section 102A(i)(1) of the National Security Act of 1947, as amended.

As the CIA Information and Privacy Coordinator, I am the CIA official responsible for this determination. You have the right to appeal this response to the Agency Release Panel, in my care, within 90 days from the date of this letter. Please include the basis of your appeal.

Please be advised that you may seek dispute resolution services from the CIA's FOIA Public Liaison or from the Office of Government Information Services (OGIS) of the National Archives and Records Administration. OGIS offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. Please note, contacting CIA's FOIA Public Liaison or OGIS does not affect your right to pursue an administrative appeal.

# Attachment 7

19 May 2020

James G. Connell, III
PO Box #141
Cabin John, MD 20818-0414
Tel: (703) 588-0407
jconnell@connell-law.com

Agency Release Panel
c/o Mark Lilly
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Re: F-2015-00731

To the Agency Release Panel of the Central Intelligence Agency,

This letter constitutes an administrative appeal under the Freedom of Information Act regarding F-2015-00731. I am the attorney for the requestor, Jeffrey Kaye. This appeal is timely submitted within the 90-day appeal period established by your denial letter of 17 March 2020.

At page 56 (80 of the PDF) of the 27 June 2013 *CIA Comments on the SSCI Report on the RDI Program*, the Agency officially released the following information: "Although conditions at the facility remained sub-optimal throughout its existence, significant improvements at the site prompted two SSCI members who visited the facility in late 2003 to compare it favorably with military facilities at Bagram and Guantanamo Bay. In fact, one remarked that REDACTED was 'a markedly cleaner, healthier, more humane and better administered facility.'"

At page 14 of the *Overview of CIA-Congress Interactions Concerning the Agency's Rendition-Detention-Interrogation Program* (C0625747), the Agency declassified more details about this visit:

> In REDACTED 2003, SSCI senior staffer REDACTED and SSCI General Counsel Richard Douglas visited REDACTED and asked for a tour of REDACTED. The Chief of Station agreed, although he was somewhat taken aback by the request as he had been led to believe by headquarters that only the SSCI chairman and vice chairman were aware of REDACTED. The staffers toured the in-processing room, remote video-monitoring facility, interrogation rooms, and holding cells. A Station interrogator, who was a REDACTED explained that detainees were rewarded for increased levels of cooperation and that Headquarters approved all interrogations in advance. He told the staffers that Headquarters also provided specific approval and guidance when enhanced measures were to be employed and that at least REDACTED CIA officers, including both a medical professional and a psychologist, would be present at all interrogations. Any of the REDACTED could stop an interrogation at any time.

Finally, the interrogator noted that the primary technique used at REDACTED was sleep deprivation, which achieved "most, if not all desired results."
Upon departing, the SSCI staffers compared the REDACTED facility with both the US military detention facility at Bagram REDACTED and the CIA-military facility at Guantanamo Bay. Both remarked that REDACTED "was a markedly cleaner, healthier, more humane and better administered facility."

The footnotes accompanying these two paragraphs cite "REDACTED 51671 REDACTED" as the source document.

Understandably, Dr. Kaye sought the release of information relating to the declassified SSCI member visit or visits to a detention site. At the very least, the Agency has acknowledged the existence of an unreleased document (probably a cable from the Station) bearing the identification number 51671, containing at least some information which qualifies as a "reasonably segregable portion of a record" under 10 U.S.C. § 552(b). *See, e.g., Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

Neither Exemption 1 nor 3 govern the requested information. The Agency's own release of information about the 2003 SSCI visit to a detention facility, of course, constitutes an "official acknowledgment." *See, e.g., ACLU v. DOD*, 628 F.3d 612, 620-21 (D.C. Cir. 2011). Information on this topic is not classified, and Exemption 1 does not cover information about the SSCI visit.

Exemption 3 is simply inapplicable to the information sought. Dr. Kaye does not seek "organization, functions, names official titles, salaries, or numbers of personnel employed by the Agency." 50 U.S.C. § 3507. Indeed, by definition, "SSCI members" are not "personnel employed by the Agency." Nor is an SSCI visit to a detention site an "intelligence source[] or method[]." 50 U.S.C. § 3024(i)(1).

Thank you for your consideration for this appeal. We look forward to hearing from you soon.

Best regards,

James G. Connell, III